UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BERTRAM AND PATRICIA TURLICH**                      **CIVIL ACTION**

**VERSUS**                                            **No. 06-8897**

**STATE FARM FIRE AND CASUALTY**                      **SECTION: I/1**
**COMPANY, ET AL.**

ORDER AND REASONS

Before the Court is the motion to remand filed on behalf of plaintiffs, Bertram and Patricia Turlich. Defendants in this matter are State Farm Fire and Casualty Company ("State Farm"), Juan Carrion, Steve Sanderson, Brett Kading, and Towanda Maye.

This Court has issued extensive opinions on the full range of legal issues regarding motions to remand in Hurricane Katrina insurance litigation. *See, e.g.*, *Bourgeois v. State Farm Fire & Cas. Co.*, No. 06-8037, 2006 WL 3344736 (E.D. La. Nov. 16, 2006); *Rizzuto v. Tully*, No. 06-6883, 2006 WL 3332832 (E.D. La. Nov. 14, 2006); *Jackson v. State Fire & Cas. Ins. Co.*, No. 06-4467, 2006 WL 3332835 (E.D. La. Nov. 9, 2006); *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006); *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566 (E.D. La. Sept. 20, 2006); *Best v. Independent Ins. Assocs. Inc.*, No. 06-1130, 2006 WL 2710445 (E.D. La. Sept. 19, 2006); *Nash v. Harry Kelleher & Co.*, No. 06-1083, 2006 WL 2644960 (E.D. La. Sept. 14, 2006); *Smith Lupo*

*Williams Partners v. Carter*, No. 06-2808, 2006 WL 2548255 (E.D. La. Aug. 31, 2006).

After fully considering the law, the facts, and the arguments of all parties, the Court finds that the above cited decisions, when applied to the facts of this case, dictate a remand.[1]  The Court is inundated with motions to remand in cases such as this one, and it is neither in the interest of justice nor judicial economy to issue an extensive, yet repetitive, opinion.  The Court, therefore, incorporates the applicable legal standards and analysis from its prior opinions as though fully written herein.

Accordingly, for the reasons stated herein,

---

[1] The Court notes that, on the facts of this case, defendants have failed to meet their heavy burden to establish subject matter jurisdiction.  Pursuant to 28 U.S.C. § 1332, the Court is vested with diversity jurisdiction when the amount in controversy requirement is satisfied and the matter is between citizens of different states.  28 U.S.C. § 1332.  To be a citizen of a State within the meaning of Section 1332, a natural person must be both a citizen of the United States and a domiciliary of that State.  *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).  For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.  *Id.*  "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom....'"  *Id.* (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).  The burden of proving diversity rests with the party asserting jurisdiction.  *Id.*

Plaintiffs assert, upon information and belief, that defendants Carrion, Sanderson, Kading, and Maye are Louisiana citizens, and, therefore, there is no complete diversity among the parties.  Defendants counter, in an affidavit, that Carrion is a resident of Florida, Sanderson is a resident of South Carolina, Kading is a resident of North Dakota, and Maye is a resident of Michigan.  Rec. Doc. No. 6-3.  However, the affidavit is fatally flawed in two respects.  First, it is hearsay since the affiant merely asserts the truth of the information told to him by a third party.  Fed. R. Evid. 802.  While this Court may receive affidavits in deciding this jurisdictional issue, it will not rely on *inadmissible* evidence.  *See, e.g.*, *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996); *Philipbar v. Derby*, 85 F.2d 27, 30-31 (2d Cir. 1936).  Second, the affidavit, even if admissible, does not establish that the defendants are domiciled outside Louisiana since the affidavit only refers to their residence.  Therefore, defendants have failed to meet their burden of establishing diversity of citizenship under Section 1332.  There is no other valid basis for jurisdiction over this matter, and remand is required.

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiffs, Bertram and Patricia Turlich,[2] is **GRANTED** and the case is **REMANDED** to the 25th Judicial District Court for the Parish of Plaquemines.

New Orleans, Louisiana, January  4th , 2007.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[2]Rec. Doc. No. 5-1.

-3-